IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLYDE TURNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:14-cv-01810 |
| TENNESSEE BOARD OF PROBATION & PAROLE, RICHARD MONTGOMERY, Chairman, AMANDA FISHER, JOHN DOE, and JANE DOE, | ) Judge Sharp |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff Clyde Turner, a state inmate presently incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1), alleging that his constitutional rights were violated by the illegal and arbitrary denial of parole. The filing fee has been paid in full, but the complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A (requiring initial screening of any prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity).

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

The plaintiff filed his complaint in this action in November 2013 in the Eastern District of Tennessee, Greeneville Division. On September 5, 2014, the action was transferred to this Court under 28 U.S.C. §§ 1404(a) and 1406(a) as the more appropriate venue. (ECF No. 5.)

The complaint names as defendants the Tennessee Board of Probation & Parole (now named the Board of Parole) ("BOP"); BOP Chairman Richard Montgomery; BOP Parole Hearing Director Amanda Fisher; and John Doe and Jane Doe as unidentified BOP members. The plaintiff alleges that he pleaded guilty to charges of obtaining prescription drugs by fraud and TennCare fraud and was sentenced to a prison term of four years. Pursuant to the terms of the plea agreement, he was classified as a standard offender, making him eligible for release after serving 30% of his sentence, with a Release Eligibility Date ("RED") of December 1, 2013. He was brought up early for a parole hearing on March 8, 2013. The

members of the BOP voted to deny parole without stating why in the formal decision, and deferred the plaintiff's next parole-eligibility hearing for 21 months, well beyond the plaintiff's RED.[1]

The plaintiff asserts that the BOP's decision was illegal, arbitrary, and an abuse of discretion, that it violated his substantive and procedural due process rights and equal protection rights, all guaranteed by the Fourteenth Amendment to the United States Constitution. He also alleges that the denial and deferral violated the Eighth Amendment's prohibition of cruel and unusual punishment.

## I.    STANDARD OF REVIEW

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III.    DISCUSSION

### A.    *Claims Against the BOP*

In this case, the plaintiff seeks to bring suit against the BOP under 42 U.S.C. § 1983, seeking injunctive and declaratory relief only. Section 1983, generally speaking, confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) However, the state and its agencies are not suable under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and in

---

[1] The plaintiff's allegations and the documentation attached to his complaint do not explain why the plaintiff's four-year sentence, which purportedly went into effect in August 2010, is not set to expire until 2016. (*See* ECF No. 1-1, at 10, Page ID# 22.)

any event are immune from suit pursuant to the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979). The only exceptions to a state's immunity are: (1) if the state has consented to suit, or (2) if Congress has properly abrogated the state's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). *See also Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief."). Congress did not abrogate Eleventh Amendment immunity when it passed § 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). And Tennessee has not consented to civil rights suits under 42 U.S.C. § 1983. *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). The Court will therefore dismiss the plaintiff's claims against the BOP.

Although the plaintiff's claims against the individual defendants in their official capacity are effectively equivalent to claims against the state agency that employs those individuals, those claims are not barred by the Eleventh Amendment because the plaintiff seeks prospective injunctive relief only. *Ex parte Young*, 209 U.S. 123 (1908); *MacDonald v. Vill. of Northport, Mich.*, 164 F.3d 964, 971 (6th Cir. 1999).

### B. Claims Against Remaining Defendants

A challenge to the fact or duration of confinement must be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Where, however, the plaintiff's success in an action asserting procedural challenges to parole procedures would not necessarily spell immediate or speedier release for the prisoner, the plaintiff may bring such challenges under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). *See also Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence). The plaintiff here does not directly seek release from prison; rather, he requests an injunction preventing the defendants from violating his federal rights in future parole proceedings. Consequently, under *Wilkinson*, the Court will assume that the plaintiff's action is cognizable under § 1983.

As set forth above, Section 1983 confers a private federal right of action against any person who,

acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff in this case asserts, essentially, that the decision to deny him parole was arbitrary and capricious, and that the BOP failed to comply with its own procedures insofar as it failed to provide a reason for the denial of parole. He also asserts that similarly situated prisoners considered for parole were treated differently than he was, for no rational reason, insofar as the BOP provided reasons for its decision to those similarly situated prisoners. Although it is clear under Tennessee law that the plaintiff does not have a liberty interest in parole that is guaranteed by the United States Constitution, the Court nonetheless finds for purposes of this initial review that the plaintiff has stated a colorable claim for the violation of his rights under the Fourteenth Amendment.

The complaint, however, fails to state a claim based upon the alleged violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Cf. Harmelin v. Michigan*, 501 U.S. 957, 981 (1991) (noting that the Eighth Amendment was "designed to outlaw particular *modes* of punishment"). The plaintiff cites to no authority to suggest that the Eight Amendment is implicated by the denial of parole, and this Court is aware of none. His claim under the Eighth Amendment will therefore be dismissed.

The Court will enter an order permitting service of process on the individual defendants and provisionally allowing the plaintiff's claims based on alleged violations of the Fourteenth Amendment to proceed. An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge