UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
CLYDE TURNER,                    )
                                 )
        Plaintiff                )
                                 )      No. 3:14-1810
v.                               )      Judge Sharp/Brown
                                 )
RICHARD MONTGOMERY, et al.,      )
                                 )
        Defendants               )
```

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey court orders.

### BACKGROUND

The Plaintiff filed the original complaint in this matter on November 22, 2013, along with a motion for a declaratory judgment and for injunctive relief. He subsequently paid the full filing fee of $400 on December 23, 2013. The Plaintiff filed his case in the Eastern District of Tennessee. The case appeared to languish there without action until September 5, 2014, when the District Court for the Eastern District of Tennessee entered a memorandum and order transferring the case to the Middle District of Tennessee on the grounds that the Tennessee Board of Probation and Parole (TBOP) was located in the Middle District of Tennessee.

Promptly upon receiving the transfer, Chief Judge Sharp reviewed the Plaintiff's complaint and allowed it to proceed on the

allegations that the Defendants had violated his rights under the Fourteenth Amendment (Docket Entry 7), and entered an order (Docket Entry 8) for the Clerk to send the Plaintiff a service packet for the remaining four Defendants. The Court's order stated:

> The Clerk is **INSTRUCTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for the remaining four defendants. The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 days** of the date of receipt of this order. **It is the plaintiff's responsibility to ascertain the first and last names of each defendant, for which limited discovery may be conducted, if necessary.** Upon return of the completed service packets, **PROCESS SHALL ISSUE**. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action, but the plaintiff may request additional time for complying with this order if necessary. He is also forewarned that his prosecution of this action will be jeopardized if he fails to keep the Clerk's Office informed of his current address at all times.

It appears that the Plaintiff received a copy of the District Judge's memorandum and order on or about September 19, 2014 (Docket Entry 10). The Plaintiff did not return the service packets within 30 days and on November 6, 2014 (Docket Entry 11), the Magistrate Judge entered an order pointing this out to the Plaintiff and directing the Plaintiff to show cause within 14 days of the entry of the order why the Magistrate Judge should not recommend dismissal of the case for failure to prosecute and to obey the Court's order of September 18, 2014.

The Plaintiff responded to the show cause order on November 21, 2014 (Docket Entry 14). In his response he stated that he filed the case in the Eastern District of Tennessee because of

2

his belief and experience that a *pro se* litigant would not have even the remotest hope for relief in the Middle District. He stated that he would not attempt to prosecute an action in the Middle District of Tennessee because he believes that it is doomed from the start.[1] He stated that if he is not allowed to return to the Eastern District he demands a return of his filing fee.

Following this response, the Magistrate Judge entered an order on December 3, 2014 (Docket Entry 15) summarizing the Plaintiff's response, pointing out that his request for a filing fee runs into judicial conference policy statements that:

> The Conference's current policy regarding refund and filing fee in effect since 1949 has broadly interpreted to generally prohibit refunds and fees upon filing, even if the parties filed a case in error or the court dismissed the case or proceedings.

(Memorandum for the benefit of the United States Courts to the Chief Judges, United States District Court (April 7, 2006) (citing *JCUF-MAR 39, 3202*).

The Magistrate Judge pointed out that unless the service packets were completed and return for service, the Plaintiff's case cannot proceed. The Plaintiff was given until December 15, 2014, to either return the service of process for the Defendants, or notify

---

[1] Interestingly enough the Magistrate Judge notes that in the Plaintiff's letter to the Clerk of the Eastern District of Tennessee (Docket Entry 4), at the bottom of page 1 and top of page 2 he states, "For the stated reasons this plaintiff withdraws and demands a refund of his $400.00 filing fee if after 30 days from the receipt of this notice/request a complaint to recover plus damages will be filed in Nashville federal court against the Clerk and two of its respondent agents." This statement is somewhat inconsistent with the Plaintiff's position that he could not receive fair treatment in the Nashville District.

the Court that he wished to dismiss his case, and that if he did not elect either of these choices the Magistrate Judge would recommend his case be dismissed for failure to prosecute and obey Court orders.

## LEGAL DISCUSSION

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

A dismissal with or without prejudice is a drastic remedy, and before the Court dismisses an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988(6th Cir. 1999).

In this case the Plaintiff has been given specific directives and deadlines to return service packets so that the United States Marshals Service can serve process again. The Plaintiff has failed to do so and the Magistrate Judge can only

conclude that this action is willful on his part. While there may not be substantial prejudice to adverse, nevertheless Defendants are entitled to know that they are being sued in a reasonable amount of time. Without the service packets process cannot issue and the case cannot begin.

The Plaintiff has been specifically and directly warned as cited above by both the District Judge and the Magistrate Judge that failure to return the service packets could lead to dismissal of this case.

While the Magistrate Judge could recommend dismissal with prejudice, the Magistrate Judge will only recommend a lesser sanction of dismissal without prejudice should the Plaintiff attempt to refile his case.[2]

**RECOMMENDATION**

For the reasons stated above the Magistrate Judge recommends that this case be dismissed without prejudice and that any appeal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.

---

[2]Even though a dismissal is without prejudice, there may be statute of limitation issues with a subsequent lawsuit.

Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 14th day of January, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge